**Marvin S. HARTLEY, Receiver of Thompson Banking Company of Wrens, Georgia, Appellant,**

**v.**

**HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellee.**

**No. 24771.**

United States Court of Appeals
Fifth Circuit.

Jan. 4, 1968.

Rehearing Denied Feb. 2, 1968.

liable on a Banker's Blanket Bond issued by it to the Thompson Banking Company of Wrens, Georgia. We affirm. Briefly, we note the following undisputed facts:

W. E. Thompson, Jr., his mother and sister entered into a partnership agreement for the operation of the Thompson Banking Company which provided Thompson was to "conduct, manage and operate" the bank. The other two partners were "partners in name only."

In addition to managing the bank, Thompson owned and operated a general insurance agency in the same town. One of the companies represented by the agency was appellee, Hartford.

It is undisputed that in August, 1962, Thompson began misappropriating bank funds and continued doing so until February, 1965.

On October 2, 1963, Thompson, as Cashier of the bank, applied through his own insurance agency to Hartford for the Banker's Blanket Bond now in dispute.

 Being *Erie*-bound in this diversity case and thus applying the law of Georgia, the District Court, after carefully analyzing the undisputed facts and applicable law, found that there was fraud in the application for the bond, attributable to the Banking Company, rendering it void *ab initio*.*

 Because we agree with the District Court, and the authorities upon which it relied, in this finding, which is dispositive of this case, we find it unnecessary to pass upon the other issues raised upon appeal.

Affirmed.

---

Cubbedge Snow, Macon, Ga., Thomas A. Hutcheson, Sandersville, Ga., Martin, Snow, Grant & Napier, Macon, Ga., for appellant.

A. Rowland Dye, R. Lawton Jordan, Jr., Augusta, Ga., for appellee.

Hull, Towill & Norman, Augusta, Ga., of counsel.

Before COLEMAN and SIMPSON, Circuit Judges, and DAWKINS, District Judge.

## PER CURIAM:

This is an appeal from summary judgment granted by the District Court, declaring that appellee, Hartford, was not

## ORDER DENYING MOTION FOR REHEARING

The petition for rehearing in the above entitled and numbered cause is hereby denied; and no member of this panel and no Judge in regular active service on the Court having requested that the Court be polled on rehearing *en banc*, Rule 25(a), subpar. (b), the petition for rehearing *en banc* is denied.

---

* Hartford Accident & Indemnity Co. v. Hartley, 275 F.Supp. 610 (M.D.Ga.1967).