Shaw Electric Company, Inc. *v.* International Brotherhood Electrical Workers Local Union No. 98, Appellant.

Argued May 24, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Bernard N. Katz*, with him *Meranze, Katz, Spear & Bielitsky*, for appellant.

*Pace Reich*, with him *Modell, Pincus, Hahn & Reich*, for appellee.

OPINION BY MR. JUSTICE ROBERTS, June 24, 1966:

This appeal arises out of a labor dispute and comes before this Court for the second time. On the prior appeal, we affirmed the action of the court below in dismissing the defendant-union's objections contesting the jurisdiction of the court and held that the action was authorized under §301(a) of the Labor Management Relations Act of 1947, 61 Stat. 156, 29 U.S.C. §185(a). *Shaw Electric Co. v. International Brotherhood of Electrical Workers Local No. 98*, 418 Pa. 1, 208 A. 2d 769 (1965).* The case was thereupon remanded for trial on the merits.

Thereafter, the union filed a motion for judgment on the pleadings, contending that the sole and exclusive remedy of Shaw Electric lies in the arbitration procedure contained in the collective bargaining agreement between the parties. The court below dismissed the motion, and this appeal followed.

Appellant-union, recognizing that an order dismissing a defendant's motion for judgment on the pleadings is interlocutory and thus ordinarily unappealable, nevertheless urges that the present appeal is authorized by the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672,

---

* See Lesnick, State-Court Injunctions and the Federal Common Law of Labor Contracts: Beyond Norris-LaGuardia, 79 Harv. L. Rev. 757 (1966).

as raising a question of jurisdiction. It contends that if there is a binding contract between itself and Shaw Electric, then the terms of that contract, which provide for arbitration of claimed violations of the agreement, preclude resort to the courts for the enforcement of its provisions. Thus, appellant-union contends that the arbitration clause contained in the collective bargaining agreement between the parties deprives the court below of jurisdiction over the suit and that its refusal to enter judgment on the pleadings raises a jurisdictional question under the Act of 1925. However, we are unable to agree that this contention raises a jurisdictional question appealable under that Act.

In the previous appeal to this Court, it was held that the court below had jurisdiction to determine the various contractual issues involved. *Shaw Electric Co. v. International Brotherhood of Electrical Workers Local No. 98,* supra. We, therefore, view the nature of the issue raised by appellant-union's motion for judgment on the pleadings as going to the merits of the dispute. Thus, whether or not the court correctly concluded that the present dispute was not one for arbitration, it is clear that its refusal to grant appellant-union's motion for judgment on the pleadings does not raise a jurisdictional question within the meaning of the Act of 1925. Cf. *McFarland v. Weiland Packing Co.,* 416 Pa. 277, 206 A. 2d 18 (1965).

Moreover, appellant having previously appealed an adverse determination on the issue of jurisdiction under the provisions of the Act of 1925, the question presented by the present appeal falls within the rule enunciated in *Drummond v. Drummond,* 414 Pa. 548, 200 A. 2d 887 (1964). There this Court stated that where jurisdictional objections have been adjudicated in an appeal permitted by the Act of 1925, "that determination is . . . the law of the case as to all jurisdictional objections which were actually raised or might have

been raised in that appeal." *Drummond v. Drummond,* supra at 551, 200 A. 2d at 888. (Citations omitted.)

Accordingly, under the rulings of this Court in *McFarland v. Weiland Packing Co.,* supra and *Drummond v. Drummond,* supra, the present appeal must be quashed.

Appeal quashed. Costs on appellant.

Mr. Justice EAGEN concurs in the result.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

In the first case of *Shaw Electric Company, Inc. v. International Brotherhood Electrical Workers Local Union No. 98,* 418 Pa. 1, 208 A. 2d 769 (1965), the majority of our Court supplied the allegations to the complaint so as to defeat the Union's contention that the action was pre-empted by the National Labor Relations Act and held that the conduct complained of was a violation of a collective bargaining agreement and not pre-empted by the NLRA.

The majority now holds that since the Union did not raise the jurisdictional objections to the then non-existent but later court-supplied allegations at the same time it raised the original jurisdictional objections, the Union is now prohibited from so doing.

*Drummond v. Drummond,* 414 Pa. 548, 200 A. 2d 887 (1964), is not authority for the majority's position. In *Drummond v. Drummond* it was held that since the original jurisdictional objections had been adjudicated that became "the law of the case as to all jurisdictional objections which were actually raised or *might have been raised in that appeal.*" (Emphasis supplied). Since there were no allegations in the original *Shaw* complaint that alleged a breach of the collective bargaining agreement, the Union could not have raised in the first appeal the provisions of the contract requiring arbitration. It was only after the majority in the original *Shaw* action supplied the allega-

tions that constituted a breach of the collective bargaining agreement that the arbitration provisions of the collective bargaining agreement became an issue. Hence, in effect, the majority now says that since the Union raised jurisdictional problems in the original complaint, it may not now raise additional jurisdictional questions which were created by the court-amended complaint. Accordingly, I would not quash the appeal. On the merits I would hold that the contract obligation to arbitrate is clear and broad enough to include the dispute in question and enter judgment in favor of the appellant as we did in *United Steelworkers of America, AFL-CIO v. Westinghouse Electric Corporation*, 413 Pa. 358, 196 A. 2d 857 (1964), and as the Supreme Court of the United States did in the following: *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960) ; *United Steelworkers v. American Manufacturing Company*, 363 U.S. 564 (1960) ; *United Steelworkers v. Enterprise Wheel and Car Corporation*, 363 U.S. 593 (1960).

I dissent.