Harleysville Mutual Insurance Company, Appellant, *v.* Medycki.

Argued May 21, 1968. Before BELL, C. J., MUSMAN-NO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joel Paul Fishbein*, with him *Paul A. Lockrey*, for appellant.

*Frank Weitzman*, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, August 6, 1968:
Walter R. Medycki was insured by an automobile liability insurance policy issued by appellant, Harleysville Mutual Insurance Company. Among the coverages afforded by the policy was protection against uninsured motorists.

On October 11, 1967, Medycki put appellant on notice of an accident in which he had been involved on March 18, 1966, some seventeen months earlier, and advised that he was making a claim under the uninsured motorists coverage. Appellant sent Medycki a Reservation of Rights Agreement and a Loss Report for his completion and signature. Medycki refused to execute these papers, and he further refused to furnish appellant with copies of legal papers filed by him against the alleged uninsured motorist.

The policy provides that the insured must give notice of an accident or loss to the carrier as soon as practicable. This condition applies to claims under all of the coverages of the policy, not only to uninsured motorists claims. The policy further requires claimants under the uninsured motorists coverage to give the carrier written proof of claim as soon as practicable and to provide the carrier with copies of all pleadings filed against the uninsured motorist. In addition, the policy requires that all its provisions must be met before any action can lie against the company.

On November 10, 1967 Medycki, without complying with the conditions set out above, filed a demand for arbitration with the American Arbitration Association, in accordance with the arbitration provision of the uninsured motorists coverage of his policy. On the same day, appellant advised Medycki that it would not provide uninsured motorists coverage to him because of his violation of the policy. Consequently, appellant informed the American Arbitration Association that no uninsured motorists coverage was owed to Medycki and that the Association had no jurisdiction to hear the claim. The Association advised appellant that the issue of disclaimer of coverage was to be decided by its arbitrator. Appellant then filed a complaint in equity, seeking to enjoin the arbitration pending a judicial determination of the validity of the disclaimer of

coverage, or in the alternative, enjoining the arbitration until such time as Medycki supplied appellant with full information on the details of the accident in question, the witnesses, and the nature of his injuries and treatment.

Medycki filed preliminary objections on the grounds that appellant had a full, complete, nonstatutory remedy at law and that the court lacked jurisdiction of the subject matter. The court below, on the authority of *Nat. Grange M. Ins. Co. v. Kuhn*, 428 Pa. 179, 236 A. 2d 758 (1968), sustained the preliminary objections and dismissed the complaint. This appeal followed.

Once again we must deal with the issue of the scope of the arbitration contemplated under uninsured motorists coverage where disputes arise between the insured and the carrier, a question which we treated in *Nat. Grange*, supra.

In that case, we held that despite the carrier's position that only questions relative to the insured's right to recover from the uninsured motorist and the amount of that recovery are arbitrable, the arbitrator should decide the question of whether the alleged tortfeasor was or was not an uninsured motorist. We went on to say: "We believe that the policy language expresses an agreement of the parties to submit the 'matter or matters' in dispute between them, relative to the protection against uninsured motorists provisions of the policy, to determination by arbitration. The arbitration clause, in our view, indicates that the parties contemplated one method, and one method only, for the resolution of disputes under this coverage. That method was arbitration, and all such disputes should be so decided." We here reaffirm our position that all disputes arising under the uninsured motorists coverage are covered by the arbitration agreement.

Appellant argues that the issue of coverage cannot be decided by the arbitrator. He cites in this connec-

tion *Ellison v. Safeguard Mut. Ins. Co.*, 209 Pa. Superior Ct. 492, 229 A. 2d 482 (1967). In *Nat. Grange,* supra, at page 183, we discussed and distinguished *Ellison.* The Superior Court there held that an arbitrator could not be permitted to read uninsured motorists coverage into a policy where such coverage had been omitted from the policy document itself. We said: "Unlike the Superior Court, we are not faced with the necessity for allowing an arbitrator to determine whether uninsured motorist coverage is included in an insurance policy. Here, the policy concededly contains such coverage and we must decide only what disputes between the insured and the insurer arising under that coverage must be decided by arbitration." The policy which forms the basis for the instant case also contains a protection against uninsured motorists provision, and the arbitrator is not being asked to determine whether that provision exists. The dispute which the arbitrator will be required to determine is whether the insured has forfeited his right to the protection which the policy provides by virtue of some noncompliance with provisions of the policy.

Appellant further argues that in *Harleysville M. Cas. Co. v. Blumling,* 429 Pa. 389, 241 A. 2d 112 (1968), the court made a judicial determination on the question of coverage rather than referring the matter to arbitration. The cases are clearly distinguishable. In *Harleysville,* the question was whether a party injured by an uninsured motorist could recover on more than one applicable policy where his damages exceeded the limit of one policy. The carrier there sought a declaratory judgment as to the efficacy of its "other insurance" clause. No question was raised as to the arbitrability of the issue. The matter reached us on appeal from declaratory judgment, and we determined the question raised by the inconsistency between the "other insurance" clause and the Pennsylvania Unin-

sured Motorists Statute on the merits. The question was one of first impression in this Commonwealth and required the decision of this Court in order that there might be guidance in similar situations as they arose. In the case at bar, the policyholder filed preliminary objections and specifically raised the question of the arbitrability of the dispute. There is no need for a decision on the merits by our Court in this instance. The arbitrator is competent to determine whether the insured has forfeited his right to coverage by failure to comply with requirements of the policy.

Appellant asserts that to deny it access to a court of law for the determination of whether a contract provision calling for binding arbitration is in effect between the parties is a denial of due process of law. We do not so view the problem. The question is not whether the arbitration clause is in effect but whether the insured has forfeited his right to uninsured motorists coverage. The arbitration clause requires that "matter or matters" in dispute be settled through the medium of arbitration. It is an oversimplification to assert that the denial of coverage by appellant ipso facto removes the uninsured motorists clause from the policy and with it the arbitration provision, thereby leaving only the question of whether uninsured motorists coverage exists, as was the case in *Ellison,* supra. In that connection, we are now no more impressed by appellant's argument relative to the limited scope of review of the arbitrator's award than we were when a similar argument was made in *Nat. Grange,* supra. If arbitration is the format in which the parties have agreed to settle their dispute, then they must be content with such a settlement.

In *Nat. Grange,* we said that court proceedings should not be read into the agreement to arbitrate. We refused to add new cases to already overburdened court calendars, particularly where the parties had agreed to

settle their differences without the necessity of judicial determination. We said: "We conclude that the parties contemplated expeditious resolution of disputes between them arising under the uninsured motorist coverage through the medium of arbitration and that all such disputes should be so decided." We agree with the court below that that language is dispositive of the instant case.

Finally, appellant argues that the arbitrator should not be permitted to decide an issue which has bearing upon all of the coverages of the policy, and that the arbitration should not be permitted to proceed until all conditions precedent to an action against the company have been fulfilled. While it is true that the notification provision of the policy is applicable to all of its coverages, and while it is also true that the policy states that: "No action shall lie against the company, unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy . . .", it must be borne in mind that the arbitration provision applies only to the uninsured motorists coverage. It follows, therefore, that with respect to that coverage, a dispute involving proper notification or compliance with policy provisions is to be determined by arbitration and not judicially. The arbitrator, in short, can determine not only whether the insured has forfeited his coverage, but also whether he has complied with the conditions precedent to any right against the carrier.

Decree affirmed, costs to be borne by appellant.

Mr. Justice COHEN concurs in the result.

Mr. Justice JONES dissents.