**Fenoglio v. Keystone Insurance Company**

*J. Pierce Anderson,* for plaintiffs.

*Dean B. Stewart,* for defendant.

DITTER, J., October 1, 1969.—This case deals with an arbitration provision found in the uninsured motorists portion of an insurance contract. The question is whether a dispute arising from the cancellation of the policy for the purported nonpayment of a premium is a matter which must be submitted to arbitration.

Plaintiffs, Suzanne McGrorty and her mother, Bernadette Fenoglio, were involved in an automobile accident on February 2, 1966, with an uninsured driver. A claim was made to defendant under the uninsured motorists provision of Miss McGrorty's policy. Since a dispute arose as to whether or not Miss McGrorty had paid her premium and, consequently, whether or not the policy was in effect at the time of the accident, plaintiffs submitted a claim to the American Arbitration Association to arbitrate the dispute.

Defendant refused to arbitrate, claiming the policy was not in effect at the date of the accident and, therefore, that the arbitration provision in the policy was inapplicable to the dispute. Plaintiffs brought this complaint in equity, requesting defendant be compelled to submit the issue to arbitration.

Plaintiffs contend that the question of the existence of the contract is one of the many matters which de-

fendant has agreed to arbitrate. The policy language relevant to the issue is contained in two places under the uninsured motorists provision. The first reference states defendant agrees "to pay all sums which the insured . . . shall be legally entitled to recover as damages . . . , provided, for the purpose of this coverage, determination as to whether the insured . . . is legally entitled to recover such damages . . . shall be made by agreement between the insured and the company or, if they fail to agree, by arbitration."

Subsequently, the policy defines arbitration as follows:

"Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."

Relying on this language, plaintiffs contend *all* matters of dispute arising under the uninsured motorists coverage should be submitted to arbitration. Defendant maintains that only certain matters of dispute, but definitely not whether a policy was in effect, should be submitted. The trend of Pennsylvania cases leads us to accept plaintiffs' contention as the better one.

National Grange Mutual Insurance Company v. Kuhn, 428 Pa. 179 (1968), involved interpretation of

the same language as that presently before us. There, the question was whether it was within the purview of the arbitrators to determine if a motorist was uninsured. The court held that it was, saying that the parties contemplated one method for the resolution of their disputes, arbitration. The issue of whether disclaimer of coverage was a matter to be decided by arbitration was raised in Harleysville Mutual Insurance Company v. Medycki, 431 Pa. 67 (1968). Again, the court held that all disputes arising under the uninsured motorists coverage were covered by the arbitration agreement, and thus that an arbitrator had the power to determine whether an insured had forfeited his coverage. Recently, the Pennsylvania Supreme Court again extended the arbitrator's scope. Merchants Mutual Insurance Company v. American Arbitration Association, 433 Pa. 250 (1969), determined that a question concerning the statute of limitations was subject to arbitration under the uninsured motorists coverage in an insurance policy.

It must be concluded that the trend of the Pennsylvania cases is in favor of arbitration. Arbitration helps to free the court calendar of minor claims which can, in many instances, be more expeditiously handled by a board of arbitrators. Where the parties agree to arbitrate and then burden the courts with the problem of deciding exactly what is and what is not to be arbitrated, the entire purpose is defeated. Moreover, the attendant delays increase the financial burden on the parties and the personal efforts involved.

If an insurance company has a specified area of dispute that it does not wish to arbitrate, it is in a far better position than the insured to state so specifically in their contract. From the policy provisions before us, it is evident that the parties have agreed to an expeditious resolution of disputes by arbitration. All such disputes should be so decided.

It is concluded that equity has jurisdiction in this matter and that all disputes arising between the insured and the insurance company out of the uninsured motorists coverage shall be resolved through the medium of arbitration.

## DECREE NISI

And now, October 1, 1969, it is ordered, adjudged and decreed that plaintiffs' prayer for relief be granted and defendant is hereby ordered to proceed to arbitration.