**Harleysville Mutual Insurance Co. v. Trost**

*Paul A. Lockrey,* for plaintiff.
*John J. Connors,* for defendant.
*C. David Krewson,* for additional defendant.

BECKERT, J., February 2, 1970.—Harleysville Mutual Insurance Company (Harleysville) has filed a petition for declaratory judgment, the gist of which seeks this court to determine whether a bicycle, which has been modified and altered by attaching thereto a gasoline lawn mower engine in such a man-

ner as to deliver power-traction to the rear wheel, is an "uninsured automobile" as that phrase is used in Harleysville's policy issued by it to William J. Trost.

While this factual problem whets one's legal curiosity, we cannot reach this question due to the posture of the instant case. Prior to the date of the filing of the pending petition with this court, there had been submitted to the American Arbitration Association the question of the interpretation of the factual situation presented to us, i.e., was the modified "bicycle" an "automobile" under the wording of Harleysville's policy. This was resolved by the arbitrators in the affirmative. As a result thereof, the arbitrators awarded $5,000 in favor of William Trost, Jr., son of the assured and the injured party. This award was made in Philadelphia County on December 1, 1967. We have been advised, at the time of oral argument, that judgment on this award has been entered in Philadelphia County. Harleysville's present petition for declaratory judgment was filed on December 14, 1967.

It is obvious that Harleysville was bound under the arbitration clause in its policy to submit this question for resolution to arbitration: Harleysville Mutual Insurance Company v. Medycki, 431 Pa. 67 (1968); McMullin Enterprises, Inc. v. Altemose Construction Company, 46 D. & C. 2d 521 (1968). While Harleysville was bound to do so, this would not strip the insurer of availing itself of the Act of June 18, 1923, P. L. 840, et seq., 12 PS §831-846, known as the Uniform Declaratory Judgments Act if, in fact, Harleysville complied with the language of the pertinent statute.

The act here applicable is the Act of April 25, 1927, P. L. 381, sec. 17, 5 PS §177, and provides:

"The arbitrators, or the *parties* to the arbitration *with the approval of the arbitrators*, shall have the right to apply to the court, *at any time during the arbitration proceedings*, for the determination of any

legal question in accordance with the terms of the Uniform Declaratory Judgments Act. Such an application, however, shall not operate as a stay of proceedings, unless the said arbitrators consent to such stay of proceedings." (Italics supplied.)

It appears that Harleysville's petition fails to comply with the language of the statute in four respects. First, the application for a declaratory judgment was made solely at the instance of the insurer and not by the "parties." Second, there is no showing that the application was made "with the approval of the arbitrators." Third, since an award of $5,000 was made by the arbitrators prior to the filing of the petition for a declaratory judgment, it appears obvious that the application was not made "during the arbitration proceedings." Fourth, the act states that the application must be made "to the court," which, to our way of thinking, would be referring to the court in the same jurisdiction as that within which the arbitration proceeding is pending. In the present case, the award was made in Philadelphia County and petitioner sets forth no special circumstances by which the Court of Common Pleas of Bucks County could, or should, assume jurisdiction.

Finally, although not relied on as the basis for our ultimate conclusion, it should be pointed out that Harleysville has not complied with Bucks County R. C. P. 210*(c), requiring the moving party to file his briefs with the clerk of the appropriate court and serve copies thereof on opposing counsel within one week after the filing of the praecipe placing the case on the argument list. To the present date, briefs have not been filed by Harleysville, which is either an indication that it has abandoned its position, or in the alternative, has, after reading the opposing party's brief, concluded that it would be a vain and useless gesture to file briefs.

In order that all of the captioned parties are disposed of, it is noted that a stipulation was entered into by all counsel of record to dismiss defendants Samuel Clover and Harry Coulston, both in their own capacity and as parents of their respective children from this action.

Therefore, for the aforementioned reasons, we enter the following

### ORDER

And now, February 2, 1970, the petition of Harleysville Mutual Insurance Company for declaratory judgment is denied and dismissed.