Capezio & Things, Inc. *v.* Wynnewood Meredith Corp. et al., Appellants.

Argued November 26, 1973. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Edwin L. Scherlis,* with him *Frank and Margolis,* for appellants.

*Michael M. Goss,* with him *Weinstein, Goss & Katzenstein,* for appellee.

OPINION PER CURIAM, January 24, 1974:

Appeal quashed. See *Sucevic v. Johnson,* 435 Pa. 128, 255 A. 2d 556 (1969), *Shaw Elec. Co. v. I.B.E.W. Loc. U. No. 98,* 422 Pa. 211, 220 A. 2d 889 (1966).

Mr. Chief Justice JONES took no part in the consideration or decision of this case.

---

DISSENTING OPINION BY MR. JUSTICE MANDERINO:

I dissent because this appeal should not be quashed. The appellee, as plaintiff in the trial court, filed a complaint in equity alleging a breach of contract and requesting equitable relief. The appellant filed preliminary objections challenging the jurisdiction of the court because the contract between the parties provided that disputes between the parties would be settled by arbitration. The order of the trial court, although interlocutory, is appealable. Act of March 5, 1925, P. L. 23, §1, 12 P.S. 672. *Sucevic v. Johnson,* 435 Pa. 128, 255

A. 2d 556 (1969), and *Shaw Elec. Co. v. I.B.E.W. Loc. U. No. 98*, 422 Pa. 211, 220 A. 2d 889 (1966), do not hold otherwise.

The statutory law of Pennsylvania specifically provides: "An appeal may be taken to the Supreme or Superior Court, as in cases of final judgments . . . from an order either directing or refusing to direct the parties to proceed to arbitration." Act of April 25. 1927, P. L. 381, §15, as amended, Act of June 21, 1935, P. L. 400, §2, 5 P.S. §175(b).

The above statute applies to all contracts which provide for arbitration, and is therefore applicable to this case. The majority ignores the statute without explanation or justification.