Howey *v.* Colonial Penn Insurance
Company, Appellant.

Argued September 10, 1974. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and
SPAETH, JJ.

*John H. Appleton,* with him *Irwin Schneider,* and
*Nogi, O'Malley & Harris,* for appellant.

*Roger Mattes,* with him *Laster, Strohl, Kane & Mattes,* for appellee.

OPINION PER CURIAM, April 22, 1975:
The appeal is quashed.

OPINION BY HOFFMAN, J., IN SUPPORT OF PER CURIAM
ORDER TO QUASH:

Appellant's preliminary objections do not question the
jurisdiction of the lower court and, therefore, this appeal
must be quashed as interlocutory. I reach this conclusion
reluctantly because it may result in an unnecessary trial.
As pointed out by Judge VAN DER VOORT, the lower court
should hold its proceedings in abeyance until the matter
is disposed of in the forum freely chosen by the litigants.
This is true despite the fact that an arbitration clause
does not affect the jurisdiction of the court of common
pleas. If the lower court does not adopt this approach
and proceeds to trial, on appeal by the insurance company
we would have to reverse and remand for arbitration
proceedings.

PRICE and SPAETH, JJ., join in this opinion.

---

OPINION BY JACOBS, J., IN SUPPORT OF PER CURIAM
ORDER TO QUASH:

I would quash the present appeal. Appellant's claim
in his preliminary objections that a provision in the in-
surance policy required the submission of the case to
arbitration does not raise a jurisdictional issue so as to
permit an interlocutory appeal from the order overruling
the preliminary objections. *Capezio & Things, Inc. v. The
Wynnewood Meredith Corp.*, 455 Pa. 84, 314 A.2d 20
(1974) ; *Shaw Elec. Co., Inc. v. I.B.E.W. Loc. U. No. 98*,
422 Pa. 211, 220 A.2d 889 (1966).

WATKINS, P.J., joins in this opinion.

---

DISSENTING OPINION BY VAN DER VOORT, J.:

On April 30, 1973, appellee (the insured) and ap-
pellant (an insurance company) entered into a contract
of insurance covering appellee's automobile. The contract
contained a clause which provided for arbitration in the
event that the insured and the insurance company should

disagree on any claim made by the insured under the uninsured motorist provisions of the policy. On August 3, 1973, the insured was involved in an auto accident with an uninsured motorist; subsequently the insured filed a claim with appellant for damages under the Uninsured Motorist, Collision, and Medical Payments coverages of the policy. A dispute arose as to whether or not the insured was entitled to recover damages under the terms of the policy, and also as to the amount (if any) that the insured should be awarded. Instead of submitting the matter to arbitration (which would have required the payment of a $75 fee) the insured, on January 24, 1974, filed a complaint in the Court of Common Pleas of Lackawanna County (which involved only a $12.50 filing fee). On February 21, 1974, the insurance company filed preliminary objections challenging the jurisdiction of the court to hear the case, which objections were overruled by the lower court on April 26, 1974. The insurance company brought this appeal from the dismissal of its preliminary objections.

In *University Square Number One, Inc. v. Marhoefer,* 407 Pa. 257, 180 A.2d 427 (1962), a case involving a building contract which contained an arbitration provision, our Supreme Court stated at 259-260:

> "It is clear that an arbitration provision in a contract—irrespective of whether it is common law or statutory arbitration—does not affect the jurisdiction of the lower court."

The court in that case cited *Zerbe Township School District v. Thomas,* 353 Pa. 162, 44 A.2d 566 (1945) for the principle that "even though a plaintiff have no standing to bring his action, even though his complaint be demurrable, even though he fail to establish its allegations, even though the court should finally conclude that the relief he seeks should not be granted, not any or all of these circumstances would enter into, much less determine, the question whether the court had jurisdiction of the litiga-

tion." The court in *Marhoefer* noted that the test of jurisdiction was "the competency of the court to determine controversies of the general class to which the case presented for its consideration belonged,—whether the court had power to enter upon the inquiry, not whether it might ultimately decide that it was unable to grant the relief sought in the particular case . . . ." 407 Pa. at 260.

In *Central Contracting Company v. C. E. Youngdahl & Company, Inc.*, 418 Pa. 122, 133, 209 A.2d 810, 816 (1965), the Supreme Court affirmed the basic principle that "private parties cannot change by contract the rules of jurisdiction or venue embodied in the various laws of this Commonwealth." The court went on, however, to state the "modern and correct" rule that, "while private parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue, nevertheless, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation."

Clauses in an insurance contract that require the parties to settle disputes by arbitration for bodily injury and by appraisal for property damage are certainly, standing alone, not unreasonable. Appellee in the case before us argues that the insurance policy he signed was a "contract of adhesion"; in effect, that he did not "freely agree" to arbitrate disputes. I disagree and would find— since the clause providing for arbitration is reasonable and, moreover, furthers the policy of avoiding unnecessary court battles over uninsured motorist provisions in insurance policies[1]—that the lower court should have re-

---

1. See *Allstate Insurance Company v. McMonagle*, 449 Pa. 362, 296 A.2d 738 (1972); *Preferred Risk Mut. Ins. Co. v. Martin*, 436 Pa. 374, 260 A.2d 804 (1970); *Pennsylvania General Ins. Co. v. Barr*, 435 Pa. 456, 257 A.2d 550 (1969); *Allstate Ins. Co. v. Taylor*, 434 Pa. 21, 252 A.2d 618 (1969); *Harleysville Mut. Ins.*

ferred the matter to the forum contemplated by the parties, i.e., arbitration and/or appraisal.

Appellee argues that his insurance policy provides for arbitration only with respect to claims under the Uninsured Motorist section, and that it would be unreasonable for him to have to litigate claims arising under different sections of the policy (for example, the Medical Payments and Collision sections) in different forums. Our courts have invariably ruled that arbitrators have the power to consider all issues which relate to coverage under uninsured motorist provisions in automobile insurance policies, even if those same issues involve coverage under other provisions of the policy. *Merchants Mutual Insurance Company v. DiUmberto*, 433 Pa. 250, 248 A.2d 842 (1969); *Harleysville Mutual Insurance Company v. Medycki*, 431 Pa. 67, 244 A.2d 655 (1968); *National Grange Mutual Insurance Company v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968). I would therefore reverse the order of the lower court and remand the case with instructions that the proceedings be held in abeyance until the conclusion of arbitration and/or appraisal proceedings. If such proceedings resolved all claims, then the preliminary objections would be sustained. In the event there remained any unresolved claims after the conclusion of arbitration and/or appraisal proceedings, then as to such unresolved claims the preliminary objections would be overruled and the case would proceed as to such unresolved claims.

CERCONE, J., joins in this dissenting opinion.

_____

*Co. v. Medycki*, 431 Pa. 67, 244 A.2d 655 (1968); *National Grange Mut. Ins. Co. v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968).