445 A.2d 1269

AMERICAN HARDWARE MUTUAL INSURANCE
CO., Appellant,

v.

Louis P. SILVESTRI and Helen Silvestri, h/w and
American Arbitration Association.

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed May 21, 1982.

Petition for Allowance of Appeal Granted Sept. 13, 1982.

1

Charles J. Bogdanoff, Philadelphia, for appellant.

Garland D. Cherry, Jr., Media, for appellees.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends the lower court erred in not enjoining arbitration of appellees' claims under the "uninsured motorist" provisions of an automobile insurance policy. We agree and, accordingly, reverse the order of the court below and enjoin arbitration.

Appellees Louis P. and Helen Silvestri brought an action against a driver whose automobile had struck and injured Mr. Silvestri. The driver's insurer paid the Silvestris the policy limits of $15,000. Because this amount was insufficient to compensate the Silvestris fully, they filed a claim for benefits under the "uninsured motorist" provision of

their insurance policy, arguing that the driver's automobile was "uninsured" to the extent they had not been fully compensated. After appellant refused their claim, the Silvestris demanded arbitration. Appellant then instituted this equity action seeking to enjoin the arbitration. After a hearing, the lower court denied appellant's request for an injunction, prompting this appeal.

Appellant contends that no arbitrable issue exists because the term "uninsured automobile" as defined in the insurance policy cannot be construed to include an automobile covered by the statutory minimum amount of insurance. We agree. "Whenever one party to an agreement seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to two questions: (1) Was an agreement to arbitrate entered into; and (2) Does the dispute involved fall within the arbitration clause." *Independence Development, Inc. v. American Arbitration Association*, 460 Pa. 390, 392, 333 A.2d 781, 782–83 (1975). Recently, this Court has held that, as a matter of law, an "underinsured" motorist who is nonetheless covered by the statutory minimum amount of insurance is not an "uninsured" motorist under an essentially identical insurance policy. *White v. Concord Mutual Insurance Co.*, 296 Pa. Superior Ct. 171, 442 A.2d 713 (1982). *Accord, Davis v. Government Employees Insurance Co.*, 296 Pa. Superior Ct. 198, 442 A.2d 727 (1982) (arbitration panel properly declined jurisdiction on question of whether "underinsured" motorist is an "uninsured" motorist). Because this claim did not fall within the ambit of the arbitration clause, the lower court erred in not enjoining the arbitration. Accordingly, we reverse the order of the lower court and enjoin the arbitration.*

So ordered.

VAN der VOORT, J., files a dissenting opinion.

* We postponed decision of this case pending our Court's en banc resolution of *White* and *Davis.*

VAN der VOORT, Judge, dissenting:

A claim made under the uninsured motorist provisions of an automobile insurance policy, which policy provides for arbitration of uninsured motorist claims, should be settled by arbitration, not by the courts. This policy has been stated and restated by the Pennsylvania Supreme Court.

In *National Grange Mutual Insurance Company v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968), the court ruled that the issue of whether a driver was an "uninsured motorist" should be decided by arbitration, stating that "court proceedings should not be read into the agreement to arbitrate." 428 Pa. at 185, 236 A.2d 758. In *Allstate Insurance Company v. Taylor*, 434 Pa. 21, 252 A.2d 618 (1969), *Great American Insurance Co. v. American Arbitration Association*, 436 Pa. 370, 260 A.2d 769 (1970), *Preferred Risk Mutual Insurance Company v. Martin*, 436 Pa. 374, 260 A.2d 804 (1970), and *Grange Mutual Casualty Company v. Pa. Mfgr's. Assn. & Co.*, 438 Pa. 95, 263 A.2d 732 (1970), the court similarly held that arbitrators should decide whether uninsured motorist coverage applied. In *Harleysville Mut. Ins. Co. v. Medycki*, 431 Pa. 67, 244 A.2d 655 (1968), the insured claimant under uninsured motorist provisions of a policy purportedly failed to comply with various policy provisions, and the Supreme Court held: "The arbitrator, in short, can determine not only whether the insured has forfeited his coverage, but also whether he has complied with the conditions precedent to any right against the carrier." 431 Pa. at 73, 244 A.2d 655. In *Allstate Insurance Co. v. McMonagle*, 449 Pa. 362, 296 A.2d 738 (1972), the court ruled that the issue of whether a policy under which an uninsured motorist claim was made had expired was a question for the arbitrators. The court stated: "We will adhere to our long-standing policy that all questions arising under uninsured motorist coverage must be determined by arbitration and we reiterate our resolve first stated in *Nat. Grange* . . . not to read court proceedings into agreements to arbitrate." 449 Pa. at 366, 296 A.2d 655. In these and other cases, the

Supreme Court has made clear its policy of favoring arbitration of all claims involving uninsured motorist coverage.

The law in this area was settled until the decision of our court en banc in *White v. Concord Mutual Insurance Co.*, 296 Pa. Superior Ct. 171, 442 A.2d 713 (1982). In *White*, the majority of our en banc court somehow construed an insured's claim for uninsured motorist benefits as "another way of saying that the Commissioner's regulations are contrary to ... statute." The court thus brought the case within *United Services Auto Ass'n. Appeal*, 227 Pa. Superior Ct. 508, 323 A.2d 737 (1974), a Superior Court case which, after noting the general rule that where the application or construction of an uninsured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators, stated the exception that "the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to ... legislative, or administrative mandate ...." 227 Pa. Superior Ct. at 516, 323 A.2d 737. The court in *White* thus justified reaching the underlying question of whether "uninsured" in the insurance policy should be interpreted to include one who was underinsured.

Turning to the case before us, it seems that we are faced with the alternative of following the Superior Court's *White* decision, or the Supreme Court's line of cases beginning with *National Grange*. It is difficult to see how *White* may be pertinently distinguished from the Supreme Court cases. It would seem to be the better decision in this case to follow the Supreme Court cases and affirm the lower court's refusal to enjoin arbitration. Then it would continue to be the duty of arbitrators to properly apply the law (including the holding of *White* that "uninsured" does not mean underinsured) to all disputes involving uninsured motorist coverage, and the prospect (discussed in the Dissenting Opinion in *White*) of increased referral to the courts of matters properly brought in arbitration might thus diminish.

I therefore dissent.