National Grange Mutual Insurance Company *v.* Kuhn, Appellant.

Argued November 17, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Arthur D. Rabelow*, with him *Manchel, Lundy & Lessin*, for appellant.

*Charles Jay Bogdanoff*, with him *Albert C. Gekoski*, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 3, 1968:

Appellant, Frederick J. Kuhn, Jr., suffered personal injuries in an automobile accident. At the time of the accident, appellant was a passenger in an automobile being operated by Alan H. Feltner. Feltner's vehicle came into collision with one operated by Franklin J. Doyle. The Feltner automobile was covered by a liability insurance policy issued by appellee, National Grange Mutual Insurance Company. Included among the provisions of the insurance policy was uninsured motorist coverage.

Following the accident, appellant engaged counsel who apparently satisfied himself that Doyle was uninsured. He notified appellee and put it on notice of arbitration in accordance with the policy provisions. Appellee denied that Doyle was an uninsured motorist, both to counsel and appellant, and to the American Arbitration Association and Eli N. Donsky, Esquire,

its arbitrator named to arbitrate the case. The Arbitration Association and its arbitrator nevertheless determined to proceed with the arbitration, with the arbitrator to determine the question of whether Doyle was an uninsured motorist.

Appellee then filed a complaint in equity, seeking to enjoin appellant, the Association, and Donsky from proceeding with the arbitration, on the theory that the issue of whether Doyle was, in fact, an uninsured motorist is not an arbitrable issue within the terms of the insurance policy. The court below granted a preliminary injunction to appellee, restraining the parties from proceeding with the arbitration, and Kuhn appealed.

Initially, we must dispose of appellee's motion to quash the appeal. The motion to quash is predicated on appellee's contention that the order appealed from is interlocutory, since appellant will have an opportunity to determine the question of Doyle's status in a proceeding in the court of common pleas. Appellee argues that if appellant establishes that defendant was uninsured, the matter may then proceed to arbitration. This may well be, but quite obviously, appellant prefers to have the question of Doyle's status decided by the arbitrator, and he has been preliminarily enjoined from proceeding with that arbitration. Inasmuch as appeals are expressly allowed by statute from the grant or refusal of a preliminary injunction, Act of February 14, 1866, P. L. 28, §1, 12 P.S. §1101; Act of June 12, 1879, P. L. 177, §1, 12 P.S. §1102, appellee's motion to quash will be denied.

The specific issue with which we are now faced, for the first time, is the scope of the arbitration contemplated in uninsured motorist coverage where disputes arise between the insured and the carrier. This question must be decided in the light of the language of the insurance policy affording the coverage. The

policy language relevant to the issue is contained in two sections of the policy. The first reference to arbitration is contained in Part I of the policy, which enumerates its various coverages. We there find: "Protection Against UNINSURED MOTORISTS COVERAGE The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

Subsequently, the policy purports to define arbitration as follows: "Arbitration If any person making claim under the Uninsured Motorists Coverage and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing thereunder, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this paragraph."

From these policy provisions, the parties have, needless to say, arrived at completely opposite con-

clusions. Appellant concludes that any dispute arising under the uninsured motorist coverage must be submitted to arbitration, while appellee concludes that only questions relative to the insured's right to recover from the tortfeasor and the amount of the recovery are arbitrable. Our consideration of the matter leads us to conclude that appellant's view must prevail.

In reaching this conclusion, we are not unmindful that the divided Pennsylvania Superior Court, in *Ellison v. Safeguard Mut. Ins. Co.*, 209 Pa. Superior Ct. 492, 229 A. 2d 482 (1967), decided a case in such fashion as to tend toward an opposite result. In that case, the Superior Court held, in essence, that an arbitrator could not be permitted to read uninsured motorist coverage into a policy where such coverage had been omitted from the document itself. In fairness, it must be noted that the majority opinion of the Superior Court did state that language almost identical to that contained in the policy here in dispute, as contained in Regulations of the Pennsylvania Insurance Department, "provides only for arbitration of the questions of the insured's right to recover against the uninsured motorist and the amount of the payment owing under such uninsured coverage." With this dictum, we are in disagreement.

Unlike the Superior Court, we are not faced with the necessity for allowing an arbitrator to determine whether uninsured motorist coverages is included in an insurance policy. Here, the policy concededly contains such coverage and we must decide only what disputes between the insured and the insurer arising under that coverage must be decided by arbitration.

We are persuaded that the view adopted by the Supreme Judicial Court of Massachusetts in *Employers' Fire Insurance Company v. Garney*, 205 N.E. 2d 8 (1965) best disposes of the problem. In that case, the Court was required to interpret the following policy

language: "To pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . . sustained by the insured, caused by accident and arising out of the . . . use of such uninsured automobile; provided, for the purposes of this coverage, determination . . . whether the insured . . . is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured . . . and the company or, if they fail to agree, by arbitration".

The Court chose to allow the arbitrator to determine the question of whether the other party to the accident was uninsured. In so doing, the Massachusetts Court placed heavy reliance upon a dissenting opinion in the Court of Appeals of New York in *Rosenbaum v. American Surety Company of New York,* 11 N.Y. 2d 310, 183 N.E. 2d 667 (1962). In *Rosenbaum,* the Court considered an arbitration clause virtually identical to that here in controversy. A four member majority of the Court held that the question of whether the other driver is uninsured was a matter for a Court in a jury trial, and not a question for arbitration. The rationale of the three member minority of the Court, however, appears to us to be a better statement of how the problem should be resolved. The dissenting opinion states: "The phrase 'matter or matters' upon which the parties do not agree is certainly explicit enough to embrace the issues specified in the endorsement, i.e., whether the insured may recover damages and, if so, the amount. The decision of this case is not a matter of choice between two available methods of procedure but, rather, whether the agreement to arbitrate shall be enlarged to include trial by jury in a court of law. We should not read into that agreement a provision for piecemeal treatment of a specified area of dispute by two separate and distinct procedures. If we do so, we

will be adding a new type of cause to an already over-burdened court calendar with its attendant delay, personal effort and financial burden, which could be expeditiously and promptly disposed of in the manner upon which the parties have agreed. The policy endorsement was drawn by the company for which the insured paid an extra premium and now finds, six years after the fatal injury, that she has not yet been able to pin the company down to its clearly expressed obligation. If there is any ambiguity which I do not concede, then under accepted rules of interpretation it must be resolved against the company."

We agree that court proceedings should not be read into the agreement to arbitrate. We believe that the policy language expresses the agreement of the parties to submit the "matter or matters" in dispute between them, relative to the protection against uninsured motorists provision of the policy, to determination by arbitration. The arbitration clause, in our view, indicates that the parties contemplated one method, and one method only, for the resolution of disputes under this coverage. That method was arbitration and all such disputes should be so decided.

Moreover, we are not impressed by appellees' position that it will suffer if it is unable to have the question determined in a court of law and further have available to it only the very limited judicial review allowed in common law arbitration. That position, of course, pre-supposes that the arbitrator will decide the question adversely to the company, a pre-supposition which is completely unjustified. Furthermore, of course, the insured bears the same risk. The arbitrator could very well decide against him, and he would be limited in the same way as the company in seeking review.

Finally, the policy language is the company's and it may, if it so desires, alter that language to limit arbitration to only those issues it desires to be arbitrable,

if indeed it never intended arbitration of questions other than those which it contends are arbitrable.

We conclude that the parties contemplated expeditious resolution of disputes between them arising under the uninsured motorist coverage through the medium of arbitration and that all such disputes should be so decided.

The order of the court below is reversed and the case is remanded to that Court with directions to dismiss the complaint. Appellee to bear costs.

Mr. Justice COHEN concurs in the result.