## Merchants Mutual Insurance Company *v.* American Arbitration Association, and DiUmberto, Appellants.

Argued November 14, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph J. Zapitz,* with him *Curtin and Heefner,* for appellants.

*Langdon W. Harris, III,* with him *Harris, Hammond & Harris,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 15, 1969:

This appeal evolved from an automobile collision in which the appellant Mrs. Di Umberto was struck by one who subsequently became an uninsured motorist. Appellants made a demand upon the appellee, Merchants Mutual Insurance Company, with whom appellants carried a collision insurance policy that included an Uninsured Motorists Clause, but were unable to secure satisfaction. They then filed a formal demand for arbitration with the American Arbitration Association pursuant to the provisions of the policy. After the demand for arbitration was served upon it, appellee filed a complaint in equity seeking a preliminary injunction restraining arbitration, relying upon the applicability of a two year statute of limitations. Appellee contended that the courts should decide the applicability of the statute of limitations while appellants, relying on *Harleysville Mutual Insurance Company v. Medycki,* 431 Pa. 67, 244 A. 2d 655 (1968), and *National Grange Mutual Insurance Company v. Kuhn,* 428 Pa. 179, 236 A. 2d 758 (1968), would have the arbitrator make that determination.

The court below agreed with the appellee-insurance company's position and issued a preliminary injunction restraining arbitration. The insured appeals from this decree.

In the *Kuhn* case this Court interpreted the language of the arbitration clause to permit the arbitrator to determine whether the tortfeasor was uninsured, and in *Medycki* the arbitrator was permitted to decide whether claimant had fulfilled conditions precedent relating to proof of loss. In the instant case, we are required to determine whether the applicability of the

statute of limitations is to be adjudicated by the arbitrator or the courts. In the final paragraph of Judge O'BRIEN's opinion in *Medycki* it was clearly stated that the arbitrator decides all the issues which bear an uninsured motorists coverage: "Finally, appellant argues that the arbitrator should not be permitted to decide an issue which has bearing upon all of the coverages of the policy, and that the arbitration should not be permitted to proceed until all conditions precedent to an action against the company have been fulfilled. While it is true that the notification provision of the policy is applicable to all of its coverages, and while it is also true that the policy states that: 'No action shall lie against the company, unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy . . .', it must be borne in mind that the arbitration provision applies only to the uninsured motorists coverage. It follows, therefore, that with respect to that coverage, a dispute involving proper notification or compliance with policy provisions is to be determined by arbitration and not judicially. The arbitrator, in short, can determine not only whether the insured has forfeited his coverage, but also whether he has complied with the conditions precedent to any right against the carrier."

Since we have determined that the arbitrator has the power to consider all issues which relate to coverage under the Uninsured Motorists Clause, even if those same issues apply to other coverage by the policy, the issue of the applicability of the statute of limitations comes within the arbitrator's purview. Thus, adhering to this Court's former opinions, the decree must be reversed.

Decree reversed at appellants' costs.

Mr. Justice JONES dissents.