## GULF INSURANCE COMPANY

v.

## AMERICAN ARBITRATION ASSOCIATION

and

**William H. Smith, Administrator of the Estate of James J. Smith, Deceased.**

### Civ. A. No. 69-2965.

United States District Court, E. D. Pennsylvania.

Feb. 5, 1970.

William B. Freilich, LaBrum & Doak, Philadelphia, Pa., for plaintiff.

David F. Kaliner, Philadelphia, Pa., for defendants.

## OPINION

LUONGO, District Judge.

Plaintiff, Gulf Insurance Company (Gulf), instituted this suit seeking to enjoin defendants, American Arbitration Association and William H. Smith, Administrator of the Estate of James J. Smith, Deceased, from proceeding with arbitration of a dispute between plaintiff and William Smith over coverage of an insurance policy issued by Gulf. Jurisdiction is based on diversity of citizenship. Defendant Smith has moved to dismiss the complaint under Rule 12 (b), F.R.C.P., asserting as one of the grounds failure to state a claim upon which relief can be granted. The Arbitration Association has entered an appearance through Smith's counsel, but takes no position with regard to the matters pending here, indicating its intention to comply with such order as may be issued by this court.

The facts out of which this controversy arises are set forth in the Complaint and are not in dispute. The parties agree that the issue is purely one of law.

Gulf issued its "General-Automobile Liability Policy" (No. GA 5605276) [1] to Jos. H. Smith & Co., insuring thirty motor vehicles, mostly trucks, owned and operated by the insured. The policy contains an "Uninsured Motorists" provision which obligates the insurer to compensate any "insured person" [2] for losses sustained due to an accident with an uninsured motorist, and which would otherwise be recoverable from the uninsured motorist. On or about July 4, 1969, James J. Smith, while driving one of the insured vehicles, was struck and killed by an automobile operated by an uninsured motorist. William H. Smith, as administrator of James J. Smith's estate, filed a claim with Gulf for $150,000 under the policy's uninsured motorists provision, contending that the coverage of the policy was $10,000 per person per vehicle. Gulf rejected the claim, asserting that its liability under the uninsured motorists provision was limited to $10,000 per person. The parties were unable to settle the dispute, and the administrator, pursuant to Art. VI, § F of the uninsured motorists provision of the policy, filed the "Demand for Arbitration" [3] which Gulf now seeks to enjoin.

It is Gulf's position that, under the arbitration clause in question, the arbitrator's "jurisdiction" is limited to two issues: (1) the liability of the uninsured motorist; and (2) the amount of damages, both essentially factual issues. It is Gulf's contention that the question of the liability limits of the policy involves a dispute of law, which was not committed to arbitration and which must be determined by a court.

There is agreement that Pennsylvania law controls. Hartley v. Hartford Accident & Indem. Co., 389 F.2d 91 (5th Cir. 1968); Schering Corp. v. Sun Ray Drug Co., 320 F.2d 72 (3d Cir. 1963); Lucademo v. Hartford Accident & Indem. Co., 142 F.2d 154 (3d Cir. 1944); Serventi v. New York Fire Ins. Co., 253 F.Supp. 670 (W.D.Pa.1966); Watsontown Buick Co. v. Hercules Powder Co., 201 F.Supp. 343 (M.D.Pa.1962).

The arbitration clause of the policy provides: [4]

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, *the matter or matters upon which such person and the company do not agree shall be settled by arbitration,* which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration are agreed to between the insured and the company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this insurance." (Emphasis added).

In National Grange Mut. Ins. Co. v. Kuhn, 428 Pa. 179, 236 A.2d 758 (1968), the Supreme Court of Pennsylvania clearly indicated how such an arbitration clause is to be interpreted:

"We agree that court proceedings should not be read into the agreement to arbitrate. We believe that the policy language expresses the agreement of the parties to submit the 'matter or matters' in dispute between them, relative to the protection against

1. Complaint, Exhibit "B".

2. The deceased, James J. Smith, was a "person insured" under the terms of the policy. Complaint, p. 2.

3. Complaint, Exhibit "A".

4. The arbitration clause involved in this case is the standard clause for insurance policies of this nature. See, e. g. Great American Ins. Co. v. American Arbitration Association, et al, 436 Pa. 370, 260 A.2d 769 (1969.)

uninsured motorists provision of the policy, to determination by arbitration. The arbitration clause, in our view, indicates that the parties contemplated one method, and one method only, for the resolution of disputes under this coverage. That method was arbitration and all such disputes should be so decided." *Id.* at 185, 236 A.2d at 760.

Since the decision in *National Grange*, the Supreme Court of Pennsylvania has adhered consistently to the view that the words "matter or matters" in dispute in such arbitration clauses are broad enough to include any and all kinds of disagreements, whether legal or factual in nature, relating to coverage under the uninsured motorists provision of a policy. Allstate Ins. Co. v. Taylor, 434 Pa. 21, 252 A.2d 618 (1969) (whether an individual was an "insured person" under the terms of the policy); Merchants Mut. Ins. Co. v. American Arbitration Association et al., 433 Pa. 250, 248 A.2d 842 (1969) (whether statute of limitations barred insured's claim); Harleysville Mut. Ins. Co. v. Medycki, 431 Pa. 67, 244 A.2d 655 (1968) (whether insured fulfilled the conditions for filing a claim).

█ What is involved here is common law arbitration. Keller v. Local 249, Intern. Brotherhood of Teamsters, 423 Pa. 353, 223 A.2d 724 (1966); Johnson v. Harleysville Mut. Cas. Co., 212 Pa. Super. 89, 239 A.2d 828 (1968), cert. denied, 393 U.S. 1087, 89 S.Ct. 876, 21 L. Ed.2d 780 (1969); Smith v. Safeguard Mut. Ins. Co., 212 Pa.Super. 83, 239 A. 2d 824 (1968). The Pennsylvania rule in common law arbitration is that the arbitrator is the final judge of both the law and the facts in any dispute before him. Harwitz v. Selas Corp., 406 Pa. 539, 178 A.2d 617 (1962); Rosenbaum v. Drucker, 346 Pa. 434, 31 A.2d 117 (1943). Gulf relies on Ellison v. Safeguard Mut. Ins. Co., 209 Pa.Super. 492, 229 A.2d 482 (1967) for the proposition that the issues before the arbitrator under the arbitration clause in question are narrowly circumscribed. The expression to that effect by the Superior Court was characterized as dictum and was disapproved by the Supreme Court in *National Grange, supra*, 428 Pa. at 183, 236 A.2d 758.

█ As before noted, this case is admittedly governed by Pennsylvania law. Pennsylvania law points to the conclusion that the matters in dispute here have been committed by the agreement of the parties (as expressed in the policy) to the arbitrator for decision. That being so, Gulf has failed to state a claim upon which relief can be granted and the action will, therefore, be dismissed. National Indem. Co. v. American Arbitration Association, et al, Civil Action No. 69–1040, E.D.Pa., Weiner, J., filed May 15, 1969. Paraphrasing the words of Justice O'Brien of the Pennsylvania Supreme Court in Great American Ins. Co. v. American Arbitration Association et al., 436 Pa. 370, 260 A.2d 769 (1969), this suit is another "patent attempt" by an insurance company "to evade the dictates of a long series of recent cases in [the Pennsylvania Supreme Court] dealing * * *" with this same arbitration clause. Under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) the result in this court can be no different than in the Pennsylvania courts.

### ORDER

It is ordered, this 5th day of February, 1970, that the Motion of defendant William H. Smith, Administrator, to dismiss the action for failure to state a claim upon which relief can be granted, be and it is hereby granted.