### Erie Insurance Exchange v. Ryan

*William L. Kinsley, Esq.*, for plaintiff.
*Richard Giannini, Jr., Esq.*, for defendants.

MONROE, P. J., April 17, 1974.—This case is before us on defendants' preliminary objections to plaintiff's complaint in equity. The case arose out of an automobile accident that occurred on November 13, 1971. The complaint alleges that plaintiff is a corporation licensed to conduct casualty and automobile liability insurance business in this Commonwealth and had issued to defendants such a policy containing uninsured motorist coverage. At the time of the accident, defendants were sitting in their vehicle stopped at a service station getting gasoline. At a nearby intersection an uninsured vehicle (vehicle no. 1) struck another vehicle (vehicle no. 2) from behind, pushing said vehicle no. 2 into the intersection. A third vehicle (vehicle no. 3) going through the intersection went out of control as its driver attempted to avoid vehicle no. 2, as it was pushed into the intersection, and thereupon vehicle no. 3 jumped the curb and struck the stopped defendant's vehicle, causing personal injuries to defendants. There was no contact between vehicle no. 1 and vehicle no. 3 and no contact between defend-

ants' vehicle and vehicle no. 1 or vehicle no. 2. The complaint further alleges that the operator of vehicle no. 3 was insured with State Farm Mutual Insurance Company and that the uninsured operator of vehicle no. 1 is a member of the Bricklayers Union and would appear not to be incapable of paying the claims of defendants. It further alleges that, under condition 4 of the policy, the uninsured motorist coverage is only "excess insurance" but nevertheless defendants have demanded arbitration under the provisions of the policy of plaintiff, which demand is brought in bad faith in that defendants could bring an action against the insured driver and the uninsured motorist, and defendants have at all times refused to abandon the arbitration and bring a civil suit against the proper parties.

The complaint prays for an injunction restraining defendants from proceeding with arbitration; that defendants be held responsible to pay all damages, including legal fees and differences in verdicts as a result of defendants' action and that defendants be ordered to commence immediately a civil action against the responsible parties in order to protect plaintiff's subrogation rights.[1]

Defendants filed a preliminary objection to the complaint, alleging "the Court has no jurisdiction in this matter." Although the objection they have made lacks the specificity required by Pennsylvania Rule of Civil Procedure 1028(a), plaintiff did not challenge it in that respect. The matter having been set down for argu-

---

[1] The statute of limitations would foreclose any action for personal injuries by defendants against the drivers of vehicles nos. 1, 2 and 3. Since plaintiff's complaint seeks to restrain further arbitration proceedings by defendants, we have considered the issues raised by the preliminary objection of defendants.

ment, the issues raised by the preliminary objection have been delineated in the briefs filed by the respective parties.[2]

Plaintiff's brief states the questions involved as: "Does this Honorable Court have jurisdiction over the case in question either under the theory that this is not a coverage issue due to the fact that our courts have long taken jurisdiction over disputes arising under the other insurance provision of an automobile insurance policy, or if the Honorable Court construes this matter to be a coverage question, then the court has jurisdiction due to the fact that this is a matter of first impression?" Defendants state the question involved as follows: "Are factual issues arising under an uninsured motorist's coverage endorsement of an insurance policy to be decided by arbitration as described in plaintiff's insurance company policy."

This court may dispose of the jurisdictional question raised by defendants' preliminary objection. Compare Grange Mutual Casualty Company v. Pennsylvania Manufacturers' Association Insurance Co., 438 Pa. 95 (1970). We turn now to that task. To resolve it, a review of the appellate court decisions, statute and regulations on the subject becomes necessary.

The Pennsylvania Uninsured Motorist Act of August 14, 1963, P. L. 909, as amended, 40 PS §2000, requires that uninsured motorist policies issued conform with "provisions approved by the Insurance Commissioner." Regulations promulgated by the commissioner and the national standard form approved by him appear in Title 31 Pa. Code §63.1., et seq. The pertinent policy provisions are:

---

[2] Argument having been fixed for November 11, 1973, before a court en banc, counsel for the parties, with consent of the court, elected to submit briefs only and dispense with oral argument.

"I. Damages for Bodily Injury Caused by Uninsured Automobiles

"The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.

". . .

"8. Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbi-

tration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement."

In National Grange Mutual Insurance Co. v. Kuhn, 428 Pa. 179 (1968), Kuhn was a passenger in an automobile operated by Feltner which collided with one operated by Doyle. The Feltner automobile was covered by liability insurance containing the approved uninsured motorist coverage provisions. Kuhn satisfied himself that Doyle was uninsured, notified plaintiff of arbitration in accordance with the policy provisions. Arbitration was commenced with American Arbitration Association which appointed Donsky its arbitrator. National Grange denied to Kuhn, the arbitration association, and Donsky that Doyle was an uninsured motorist. The arbitration association and Donsky determined to proceed with the arbitration and determine the question of whether Doyle was an uninsured motorist. National Grange filed a complaint in equity to enjoin the arbitration on the theory that the issue of whether Doyle was, in fact, an uninsured motorist was not an arbitrable issue within the terms of the policy. The lower court granted a preliminary injunction in favor of Grange and Kuhn appealed. The arbitration provisions of the policy followed the standard form approved by the Insurance Commissioner and provided that if the company and the insured do not agree " 'then, upon written demand of either, *the matter or matters upon which such person and the company do not agree* shall be settled by arbitration.' " (Italics supplied.)

It was Kuhn's position that any dispute arising over the uninsured motorist's coverage msut be submitted

to arbitration while National Grange concluded that only questions relative to the insured's right to recover from the tortfeasor and the amount of the recovery are arbitrable. The Supreme Court reversed the order of the lower court and remanded the case thereto with directions to dismiss the complaint stating, at page 185: "We believe that the policy language expresses the agreement of the parties to submit the 'matter or matters' in dispute between them, relative to the protection against uninsured motorists provisions of the policy, to determination by arbitration. The arbitration clause, in our view, indicates that the parties contemplated one method, and one method only, for the resolution of disputes under this coverage. That method was arbitration and all such disputes should be so decided."

The syllabus in Harleysville Mutual Insurance Company v. Medycki, 431 Pa. 67 (1968), states:

"1. Where an automobile liability insurance policy included protection to the insured against an uninsured motorist and provided that the insured must give notice of an accident to the insurer as soon as practicable and give the insurer copies of all pleadings filed against the uninsured motorist; and in October, 1967 the insured notified insurer of an accident in March 1966 and advised that he was making a claim under the uninsured motorist coverage but refused to execute a loss report and furnish insurer with copies of legal papers filed by him against the alleged uninsured motorist; and in November, 1967 filed a demand for arbitration with the American Arbitration Association, in accordance with the arbitration provision of the uninsured motorist coverage of his policy, whereupon insurer filed an action in equity to enjoin the arbitration which the court below dismissed on

preliminary objections, it was *Held* that (1) all disputes arising under the uninsured motorist coverage are covered by the arbitration agreement in the policy, (2) the arbitrator will be required to determine whether the insured has forfeited his right to the protection which the policy provides by virtue of some noncompliance with provisions of the policy and (3) the court below properly dismissed the action in equity to enjoin the arbitration.

"2. It was further *Held* that although the arbitration provision applies only to the uninsured motorist coverage the arbitrator can determine not only whether the insured has forfeited that coverage but also whether he has complied with the conditions precedent to any right against the insurer."

The arbitration provision of the policy appeared to be the approved form and to likewise provide that "matter or matters" in dispute be settled through the medium of arbitration.

In Merchants Mutual Ins. Co. v. American Arbitration Association and DiUmberto, 433 Pa. 250 (1969), DiUmberto, who was injured in an automobile accident, made claim upon Merchants Mutual Insurance Company under the uninsured motorist clause of a policy written by that company and filed a formal demand for arbitration with the American Arbitration Association. The insurance company thereupon filed a complaint in equity, seeking a preliminary injunction restraining arbitration, relying upon the applicability of a two-year statute of limitations. The lower court issued a preliminary injunction restraining arbitration and DiUmberto appealed. The Supreme Court reversed the lower court, holding that the applicability of the statute of limitations comes within the arbitrator's purview. The wording of the arbitration clause

in the insurance policy is not quoted in the opinion. The court appears to hold that all disputes arising out of the policy are to be determined by the arbitrator.

In Allstate Insurance Co. v. Taylor, 434 Pa. 21 (1969), the action was a declaratory judgment proceeding instituted by Allstate Insurance Company, plaintiff, v. Robert W. W. Taylor, defendant, who was injured in an automobile accident while in his father's car, the father being insured by Allstate, the policy containing what appears to be the approved uninsured motorist's protection. The policy provided coverage to the "named insured" and "any person designated as 'named insured in the schedule' and, while a resident of the same household, the spouse of any such named insured and relatives of either." Robert W. W. Taylor had made a demand for arbitration which Allstate denied. Allstate sought a determination of appellant's status as a member or nonmember of his father's household and sought to restrain Robert Taylor from proceeding with arbitration, by means of the declaratory judgment proceeding. The lower court construed the policy and held that it did not cover Robert W. W. Taylor. The arbitration provision in the policy provided that "the matter or matters upon which such person and the company do not agree shall be settled by arbitration." The Supreme Court vacated the decree of the lower court and remanded the case with directions to dismiss the petition for declaratory judgment, following Harleysville Mutual Insurance Company v. Medycki, 431 Pa. 67 (1968), stating, "We reaffirmed our position that all disputes arising under the uninsured motorist coverage are covered by the arbitration agreement."

In Preferred Risk Mutual Insurance Co. v. Martin, 436 Pa. 374 (1970), an action in equity to restrain the submission to arbitration of the question whether a

person comes within the definition of "insured" under a liability policy containing the approved uninsured motorist provisions wherein the arbitration clause provided that "the matter or matters upon which [the claimant] and the company do not agree shall be settled by arbitration," it was held that equity had no jurisdiction, the court saying at page 376: "It is perfectly clear that the court below properly sustained the preliminary objections. In a long series of cases, we have consistently held that all disputes arising under the uninsured motorist clause of the standard insurance policy must be settled by arbitration (citing cases)."

In Grange Mutual Casualty Company v. Pennsylvania Manufacturers' Association Insurance Co., 438 Pa. 95 (1970), Grange had issued to Parker a policy of liability insurance containing an uninsured motorist coverage. Thereafter Parker was injured when he became involved in a collision with an automobile owned by VanAchen but driven by Whitt. The PMA had issued a policy of liability insurance for VanAchen. Parker made demand upon PMA for payment of damages for his injuries and losses. PMA disclaimed liability to Parker contending that Whitt did not have permission of VanAchen to use his automobile. Parker then made a demand upon American Arbitration Association to arbitrate his claim under the uninsured motorist provision of the Grange policy which had been issued to him. Thereafter Grange instituted a declaratory judgment action to have the court declare that Whitt, the operator of VanAchen's car, was covered by the policy of PMA and, therefore, was not an "uninsured motorist" within the meaning of the Grange policy. PMA filed preliminary objections raising the question of jurisdiction of the lower court to give a decision in the declaratory judgment proceed-

ing. The preliminary objections were dismissed and PMA appealed. The lower court was reversed, the Supreme Court holding that the issue as to whether Whitt was covered by the PMA policy was a matter for arbitration. The arbitration provisions of the Grange policy were not quoted in the opinion of the Supreme Court.

In Allstate Insurance Co. v. McMonagle, 449 Pa. 362 (1972), Miss McMonagle was a passenger in an automobile being operated by an uninsured motorist when she sustained injuries as the result of an accident. Her claim was against Allstate, under the terms of the uninsured motorist coverage of a policy of liability insurance which allegedly afforded coverage to her. She made a demand for arbitration but Allstate refused, alleging that the policy under which she had made her demand had expired six days prior to the date of the accident. The American Arbitration Association, under whose rules the arbitration would proceed, determined that "an issue as to arbitrability exists which could be determined by an Arbitrator." Allstate then filed a complaint in equity seeking to enjoin arbitration. Preliminary objections to this complaint were filed, alleging that the court had no jurisdiction in the matter inasmuch as the uninsured motorist provision of the policy in question provided for arbitration. The preliminary objections were dismissed by the lower court and the appeal followed. The arbitration clause of the policy was not quoted in the opinion. The Supreme Court reversed the lower court, stating at page 364: "This court has long expressed the view that all questions arising under uninsured motorist coverage should be determined by arbitration. We stated this proposition in National Grange Mutual Insurance Company v. Kuhn, 428 Pa. 179, 236 A. 2d 758 (1968)." And (page 366): "We will

adhere to our long-standing policy that all questions arising under uninsured motorist coverage must be determined by arbitration and we reiterate our resolve first stated in National Grange Mutual Insurance Company v. Kuhn, supra, not to read court proceedings into agreements to arbitrate." Accordingly, the court held that the question of the lapse of the policy was for determination in arbitration proceedings.

In Smith v. Employers' Liability Assurance Corp., Ltd., 217 Pa. Superior Ct. 31 (1970), the question was whether findings of fact made by an arbitrator are reviewable on an appeal from a common law arbitration. However, by way of dictum, the court said: "Both our court and the Supreme Court have, on numerous occasions, stated that all disputes as to coverage under the uninsured motorist provisions of a policy must be settled by the arbitrator. (citing many cases of the Supreme Court of Pennsylvania)."

In Great American Insurance Company v. American Arbitration Association, 436 Pa. 370 (1970), a proceeding in equity to restrain further arbitration proceedings because of alleged misconduct of the arbitrator, the question was whether misconduct on the part of the arbitrator had, in fact, been established and whether the proceeding in equity was a proper method to review the arbitrator's decision. However, the Supreme Court stated:

"The instant case is a patent attempt by appellant, Great American Insurance Company (Great American), to evade the dictates of a long series of recent cases in this Court dealing with the arbitration clause of the uninsured motorist provision of the standard automobile insurance policy. In those cases, we have consistently held: 'The arbitration clause, in our view, indicates that the parties contemplated one method, and one method only, for the resolution of disputes

under this coverage. That method was arbitration and all such disputes should be so decided.' (citing cases)." The arbitration clause in the policy in question in this case likewise provided that "the matter or matters upon which [the claimant] and the company do not agree shall be settled by arbitration."

The "Family Protection Against Uninsured Motoriste Endorsement" of defendants' policy written by plaintiff contains the following condition, which does not conform with the arbitration provision approved by the commissioner:

"8. Arbitration. If any person making claim hereunder and the ERIE do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the Insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. These two arbitrators shall select a third competent and disinterested arbitrator, or if unable to agree thereon within 30 days, then upon request of the Insured or the ERIE such third arbitrator shall be selected by a judge of a court of record in the county and state in which such arbitration is pending. The arbitrators shall then hear and determine *the question or questions so in dispute*, and the Insured and the ERIE each agree to consider itself bound and to be bound by the decision in writing of any two arbitrators. The Insured and the ERIE shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration, provided that attorney fees and fees paid to medical and other expert witnesses are not deemed to be expenses of arbitration but are to be borne by the party incurring them . . ." (Italics supplied.)

The above provision could be construed as limiting arbitration to a determination of only the questions whether the claimant is legally entitled to recover damages from the owner or operator of an uninsured vehicle and the amount of damages payable. However, plaintiff has not urged this construction upon us. Had it done so, it would have availed plaintiff nothing. It is not pleaded that this particular provision has been approved by the insurance commissioner. As it does not conform with the approved arbitration provision, plaintiff may not limit the scope of arbitration approved by the commissioner and the courts. Compare Bankes v. State Farm Mutual Automobile Ins. Company, 216 Pa. Superior Ct. 162 (1970) and Harleysville Mutual Casualty Co. v. Blumling, 429 Pa. 389 (1968), and see page 396 where the court said:

"We will not permit [the insurance carrier] to avoid its statutorily imposed liability by its unilateral insertion into the policy of a liability limiting clause repugnant to the statute."

In its complaint, plaintiff makes the following allegation:

"10. Under Condition 4 of said policy, the uninsured motorist coverage is only 'excess insurance' where the injuries caused the insureds (the defendants in this action) are caused by one or more vehicles jointly, one of which is insured. If the accident was caused solely by the insured vehicle as may be so in the instant case, then said insurance is available under the general provisions of the State Farm policy."

Condition 4 of the uninsured motorist endorsement to the policy before us has nothing whatsoever to do with excessive insurance. It states as follows:

"4. *ASSISTANCE AND COOPERATION OF THE INSURED*. After notice of claim under this Endorsement, the Erie may require the insured to take such

action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury, and in any action against the Erie, the Erie may require the insured to join such person or organization as a party defendant."

The complaint does not allege a reliance upon this condition as a basis for demanding of defendants that they institute action against the operators of the other vehicles involved at the intersection collision.[3]

Plaintiff's brief in opposition to the objection to the complaint makes no reference to the quoted condition, but rather bases its right to relief on the theory that the uninsured motorist coverage is excess insurance and the theory that the court has jurisdiction because, as plaintiff says, "this is a matter of first impression." We have limited our considerations to the issues raised by the parties. The decisions of the Pennsylvania appellate courts which we have hereinabove considered amply demonstrate that the plaintiff is not entitled to the relief sought in equity. All disputes arising under the uninsured motorist's coverage are covered by the arbitration agreement: National Grange Mutual Insurance Company v. Kuhn, 428 Pa. at 185; Harleysville Mutual Insurance Company v. Medycki, 431 Pa. at 70; Merchants Mutual Insurance Company v. American Arbitration Association & DiUmberto, 433 Pa. at 252; Allstate Insurance Company v. Taylor, 434 Pa. at 24; Great American Insurance Company v. American Arbitration Association, 436 Pa. at 371; Preferred Risk Mutual Insurance Company v. Martin, 436 Pa. at 376; Allstate Insurance

---

[3] At the inception of this action, plaintiff had sought a preliminary injunction but had not alleged this condition as a basis for the awarding thereof. The preliminary injunction was refused.

Co. v. McMonigle, 449 Pa. at 364; Smith v. Employers Liability Insurance Corporation Ltd., supra, 217 Pa. Superior Ct. at 33. Court proceedings should not be read into the agreement to arbitrate: National Grange Mutual Insurance Company v. Kuhn, supra, 428 Pa. at 184; Allstate Insurance Co. v. Taylor, supra, 434 Pa. at 24.

Plaintiff's argument that equity has jurisdiction because this is a matter of first impression is not convincing. We do not view the issues before us as any more a matter of first impression than the issues which were before the courts in the decisions hereinabove considered wherein the insurance carriers sought the aid of equity to forestall arbitration under the provisions of the insurance policies in each such case.

## ORDER

And now, to wit, April 17, 1974, defendants' preliminary objection is sustained and plaintiff's complaint in equity is dismissed.