### GOVERNMENT EMPLOYEES INSURANCE COMPANY

### v.

### KEYSTONE INSURANCE COMPANY et al.

#### Civ. A. No. 75–668.

United States District Court,
E. D. Pennsylvania.

Dec. 31, 1975.

Francis F. Quinn, Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., for plaintiff.

Larry Friedman, Philadelphia, Pa., for defendant James Donohue.

Gerald J. Cohen, Emas & Cohen Associates, Philadelphia, Pa., for defendants Keystone Ins. Co., Daniel Murray and Alberta Murray.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This is a declaratory judgment action instituted by the plaintiff insurance company for a determination that the automobile liability insurance policy which it issued to defendant Donohue is not the primary source of uninsured motorist recovery and that Donohue cannot "stack" uninsured motorist claims. It comes before the Court on motion of defendant Donohue to dismiss the action, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground that plaintiff fails to state a claim upon which relief can be granted.[1]

---

1. Defendants Keystone Insurance Company, Daniel Murray and Alberta Murray have also moved to dismiss the Complaint on the ground that plaintiff fails to state a claim upon which relief can be granted. Inasmuch as the reasons adduced in their motion are the same as

The instant action arose out of an automobile accident which occurred in Pennsylvania on September 8, 1973. Immediately prior to the accident, defendant Donohue, who had an automobile liability policy with uninsured motorist coverage issued by Government Employees Insurance Company ("GEICO"), was a passenger in an automobile owned by defendant Murray. Defendant Murray had an automobile liability policy with uninsured motorist coverage issued by defendant Keystone Insurance Company ("Keystone"). Defendant Donohue alighted from the automobile in which he was a passenger, allegedly to check with defendant Easton, the driver of an automobile stopped immediately in front which appeared to be having mechanical difficulties. Defendant Easton, who had no insurance, allegedly struck defendant Donohue.

■ Defendant Donohue filed an uninsured motorist claim with GEICO. When his claim was denied, he filed a demand for arbitration with the American Arbitration Association alleging that he incurred damages in the amount of $30,000. In connection with uninsured motorist coverage, his GEICO policy specifies a limit of $10,000 for an individual and $20,000 for each accident. Defendant Donohue seeks to combine or "stack" the amounts applicable to each of the three automobiles covered by his GEICO policy. His policy provides as follows with respect to arbitration under the uninsured motor vehicle section:

> If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or opera-

tor of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part.[2]

After Donohue filed his demand for arbitration, GEICO initiated this action based on diversity[3] seeking a declaratory judgment and requesting that the Court enjoin arbitration. Specifically, GEICO seeks to have the Court rule that: (1) the Keystone policy covering the vehicle driven by defendant Murray is Donohue's primary source of recovery; and (2) in any claim by Donohue against GEICO, Donohue is limited to a total recovery of $10,000 in accordance with the terms of his policy. Defendant Donohue then filed the present motion to dismiss.

■■ It is settled law that whether to grant a declaratory judgment in a particular case is a matter committed to the Court's sound discretion.[4] In exercising our discretionary power, we are guided by the opinion of our learned colleague Judge Luongo in *Gulf Insurance Co. v. American Arbitration Ass'n*, 311

the reasons alleged in the motion of defendant Donohue, the parties have neither briefed nor argued the motion of defendants Keystone Insurance Company, Daniel Murray and Alberta Murray.

**2.** The arbitration clause involved in this case is the standard clause for insurance policies of this nature. *See, e. g., Gulf Insurance Co. v. American Arbitration Ass'n*, 311 F.Supp. 989 (E.D.Pa.1970); *Great American Ins. Co. v. American Arbitration Association*, 436 Pa. 370, 260 A.2d 769 (1970).

**3.** Pennsylvania law applies since federal jurisdiction is predicated upon diversity of citizenship. *Gorso v. Bell Equipment Corporation*, 476 F.2d 1216 (3d Cir. 1973); *Lynne Carol Fashions, Inc. v. Cranston Print Works Co.*, 453 F.2d 1177 (3d Cir. 1972).

**4.** 28 U.S.C. § 2201; *Travelers Insurance Company v. Davis*, 490 F.2d 536 (3d Cir. 1974); *Globe Indemnity Co. v. St. Paul Fire & Marine Ins. Co.*, 369 F.2d 102 (3d Cir. 1966); *Independent Tape Merchant's Association v. Creamer*, 346 F.Supp. 456 (M.D.Pa.1972).

F.Supp. 989 (E.D.Pa.1970), which was approved by the Third Circuit in *Travelers Insurance Company v. Davis,* 490 F.2d 536 (3d Cir. 1974). In *Gulf,* the insurer sought to enjoin arbitration over a similar question of "stacking" under the uninsured motorist provision of the policy, claiming that the question of the liability limits involved a dispute of law which should be determined by a court and not by arbitration. Judge Luongo granted the defendant's motion to dismiss relying on *National Grange Mut. Insurance Co. v. Kuhn,* 428 Pa. 179, 236 A.2d 758 (1968). He held that Pennsylvania law "points to the conclusion that the matters in dispute here have been committed by the agreement of the parties (as expressed in the policy) to the arbitrator for decision." 311 F.Supp. at 991. In *Travelers,* the Third Circuit affirmed the district court's dismissal of the insurance company's declaratory judgment action on the grounds that under Pennsylvania law the stacking question was within the jurisdiction of the arbitrator as provided in the arbitration clause of the uninsured motorist provision. A recent Pennsylvania case on the issue, *Preferred Risk Mutual Insurance Company v. Martin,*[5] 436 Pa. 374, 260 A.2d 804 (1970), was cited in *Travelers.* Justice O'Brien speaking for the court said in *Preferred:*

> In a long series of cases, we have consistently held that all disputes arising under the uninsured motorist clause of the standard insurance policy must be settled by arbitration. *Allstate Ins. Co. v. Taylor,* 434 Pa. 21, 252 A.2d 618 (1969); *Merchants Mutual Ins. Co. v. American Arb. Assn. (et al.),* 433 Pa. 250, 248 A.2d 842 (1969); *Harleysville Mutual Ins. Co. v. Medycki,* 431 Pa. 67, 244 A.2d 655 (1968); *National Grange M. Ins. Co. v. Kuhn,* 428 Pa. 179, 236 A.2d 758 (1968). In *Kuhn,* we stated the principle applicable to all of these cases (428 Pa. at 185, 236 A.2d at 761); "The arbitration clause, in our view, indicates that the parties contemplated one method, and one method only, for

the resolution of disputes under this coverage. That method was arbitration and all such disputes should be so decided." 436 Pa. at 376, 260 A.2d at 805.

There is no question, therefore, that the decisions discussed above require us to hold that the stacking question should be decided by arbitration.

■ We also hold that this is not the proper time for this Court to decide whether Keystone (the insurer of Murray, who was the driver of the car in which Donohue was a passenger prior to the accident) or GEICO is Donohue's primary or secondary source of recovery. GEICO urges the Court to resolve this issue of primary coverage on the basis that the controversy involves more than a dispute between the insured and his company. Inasmuch as Keystone is not a signatory of the American Arbitration Association, GEICO claims that any arbitration before that group which resolved the rights of Donohue as against GEICO could not determine the rights of GEICO as against Keystone. For this reason, argues GEICO, this Court should enjoin the pending arbitration and ascertain whether Keystone or GEICO is primarily liable to Donohue.

In *Nationwide Mutual Ins. Co. v. Fidelity & Casualty Co. of N.Y.,* 286 F.2d 91 (3d Cir. 1961), our Circuit Court dismissed the declaratory judgment action brought by the insurance company for want of jurisdiction. In a later case, *Globe Indemnity Co. v. St. Paul Fire & Marine Ins. Co.,* 369 F.2d 102 (3d Cir. 1966), the Third Circuit characterized its *Nationwide* holding as follows:

> The problem presented in *Nationwide* was not only which of three insurers had the duty to defend actions pending in the state courts but also which of them would be required to satisfy the judgments which might be recovered in those actions. We pointed out that the court would be rendering an advisory opinion if it told the insur-

5. *Accord, Allstate Insurance Company v. McMonagle,* 449 Pa. 362, 296 A.2d 738 (1972); *Grange Mut. Co. v. Pennsylvania Mfrs.' Assn. Ins. Co.,* 438 Pa. 95, 263 A.2d 732 (1970).

ance companies their respective rights and duties against each other as to their ultimate liability at a time when it was impossible to predict the outcome of the state court litigation. We emphasized that there were a variety of possible outcomes, some of which might in due time raise the question of who had the primary responsibility for payment. 369 F.2d at 104.

In *Globe*, the plaintiff insurance company sought a declaratory judgment on the question of whether plaintiff or another insurance company was required to defend a wrongful death action pending in the state court. There the Court held that jurisdiction over the action existed. Judge Freedman, speaking for the Court, distinguished *Nationwide* as follows:

> *Nationwide* therefore differs from the present case in that the issue of liability to make payment is not here raised and the issue of the duty to defend may not be put aside because of the absence of any of the insured parties, since here all the insured parties have been named as defendants. *Moreover, the question of the duty to defend, unlike the question of ultimate liability for any judgments which may be recovered in a pending state court action, does not require a decision based upon a set of hypothetical facts but rather presents a present controversy properly determined by a declaratory judgment.* (Emphasis added). 369 F.2d at 104. [Footnotes omitted].

In an almost identical situation, Judge Wood, one of our former colleagues, followed the *Nationwide* decision and held that where each insurance carrier claimed that the other had primary coverage a declaratory judgment should not be granted since neither carrier was liable to pay any judgment at the time the declaratory judgment action was instituted. *Employers' Liability Assur. Corp. v. General Fire & Cas. Co.*, 221 F.Supp. 923 (E.D.Pa.1963). In *United States Fi-*

*delity & G. Co. v. Millers Mut. F. Ins. Co. of Tex.*, 396 F.2d 569, 571, n. 2 (8th Cir. 1968), the Court said: "Refusal to entertain such [declaratory judgment] action may be particularly appropriate where coverage is admitted but the companies are disputing who is the 'primary' or 'excess' carrier."

The duty to defend is not an issue in this proceeding. At this stage defendant Donohue is seeking arbitration to determine the amount, if any, which GEICO should pay to him for injuries received in the accident which we heretofore described. In accordance with the decisions in *Globe* and *Nationwide* we hold that Donohue and GEICO should proceed to arbitration as delineated in the uninsured motorist provision of the GEICO policy. In the event the arbitrator rules that GEICO is liable to Donohue under the uninsured motorist provision of GEICO's policy, GEICO may at that time seek a judicial determination of its claim that Keystone has the primary liability. This is not only the law of this Circuit but appears to be the preferable practice. As stated by the Eighth Circuit in *Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc.*, 366 F.2d 555, 557 (8th Cir. 1966):

> In *Hanover* [*Hanover Insurance Co., Massachusetts Bonding Dept. v. Travelers Indemnity Co.*, 318 F.2d 306 (8th Cir. 1963)], one insurance company did assume its responsibility by processing, defending and paying a judgment on the main claim; and then proceeded to litigate its legal contentions with the other insurance company. This would appear to be a much preferable practice in advancing the administration of justice.

For the reasons hereinbefore stated, we grant the motion of defendant Donohue to dismiss the action for failure to state a claim upon which relief can be granted.