**STATE FARM MUTUAL INSURANCE COMPANY**

v.

**Ronald SHOUR and Herbert Shour.**

**Civ. A. No. 73–661.**

United States District Court,
E. D. Pennsylvania.

Dec. 31, 1975.

Richard A. Kraemer, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff.

Ronald J. Bayer, Herman, Bayer, Silberstein, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This is a declaratory judgment action instituted by the plaintiff insurance company for a determination that the defendants cannot "stack" uninsured motorist claims. It comes before the Court on cross-motions of plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") and defendants Ronald and Herbert Shour for summary judgment and on motion of defendants to dismiss the action on the grounds that: the complaint fails to state a claim upon which relief can be granted; the Court lacks jurisdiction because the amount in controversy does not exceed $10,000.00; and the determination of liability and damages should be ascertained by arbitration.

The facts out of which this controversy arises are set forth in the complaint and are not in dispute. On May 16, 1970, Ronald Shour was injured when the motorcycle on which he was riding collided with an automobile driven by William Polloch, who was an uninsured motorist. At the time of the accident there was in force an automobile liability insurance policy issued by State Farm to Herbert Shour and his son, Ronald Shour. This policy covered the motorcycle and provided uninsured motorist coverage. There was also in force at the time of the accident two other automobile liability insurance policies issued by State Farm to Ronald Shour's father, Herbert Shour. These two policies covered two automobiles owned by the father, Herbert Shour. These two policies also included uninsured motorist coverage. All the policies contained identical provisions with respect to the settlement of disputes by arbitration. Section III, page 8 of each policy provides as follows:

. . . for the purposes of this coverage, determination as to whether the *insured* or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the *insured* or such representative and the company, or, if they fail to agree, by arbitration. (emphasis in original).

The limit of liability under the uninsured motorist provision of the policy covering the motorcycle is $10,000.00 for each person or $20,000.00 for each accident. Ronald Shour alleges that he has suffered injuries in excess of $10,000.00 and has made claims against State Farm under all three policies. The parties failed to reach an agreement concerning the amount of damages, and on March 23, 1973, State Farm brought this diversity action seeking a declaratory judgment to determine the legal rights and responsibilities of the parties.[1]

Subsequent to State Farm's filing this action for a declaratory judgment, Ronald Shour filed an action to compel arbitration in the Court of Common Pleas of Philadelphia County. In an Order dated February 13, 1974, the Common Pleas Court[2] granted the motion of Robert Shour and ordered State Farm to choose an arbitrator in accordance with the uninsured motorist provision of the policy and to proceed to arbitration.

It is settled law that whether to grant a declaratory judgment in a particular case is a matter committed to the Court's sound discretion.[3] In exercising our discretionary power, we are

---

1. Although the record does not disclose the situs of the accident, the parties' briefs indicate that they have agreed that Pennsylvania law controls.

2. Dec. Term 1973, No. 5193.

3. 28 U.S.C. § 2201; *Travelers Insurance Company v. Davis*, 490 F.2d 536 (3d Cir. 1974); *Globe Indemnity Company v. St. Paul Fire & Marine Insurance Co.*, 369 F.2d 102 (3d Cir. 1966); *Independent Tape Merchant's Association v. Creamer*, 346 F.Supp. 456 (M.D.Pa. 1968).

guided by the ruling of our learned colleague, Judge Luongo, in *Gulf Insurance Co. v. American Arbitration Ass'n,* 311 F.Supp. 989 (E.D.Pa.1970), which was approved by the Third Circuit in *Travelers Insurance Company v. Davis,* 490 F.2d 536 (3d Cir. 1974). In *Gulf,* the insurer sought to enjoin arbitration over a similar question of "stacking" under the uninsured motorist provision of the policy, claiming that the question of the liability limits involved a dispute of law which should be determined by a court and not by arbitration. Judge Luongo granted the defendant's motion to dismiss relying on *National Grange Mut. Insurance Co. v. Kuhn,* 428 Pa. 179, 236 A.2d 758 (1968). He held that Pennsylvania law "points to the conclusion that the matters in dispute here have been committed by the agreement of the parties (as expressed in the policy) to the arbitrator for decision." 311 F.Supp. at 991. In *Travelers,* the Third Circuit affirmed the district court's dismissal of the insurance company's declaratory judgment action on the grounds that under Pennsylvania law the stacking question was within the jurisdiction of the arbitrator as provided in the arbitration clause of the uninsured motorist provision. A recent Pennsylvania case on this issue, *Preferred Risk Mutual Insurance Company v. Martin,*[4] 436 Pa. 374, 260 A.2d 804 (1970), was cited in *Travelers.* Justice O'Brien, speaking for the Court, said:

> In a long series of cases, we have consistently held that all disputes arising under the uninsured motorist clause of the standard insurance policy must be settled by arbitration. *Allstate Ins. Co. v. Taylor,* 434 Pa. 21, 252 A.2d 618 (1969); *Merchants Mutual Ins. Co. v. American Arb. Ass'n (et al.),* 433 Pa. 250, 248 A.2d 842 (1969); *Harleysville Mutual Ins. Co. v. Medycki,* 431 Pa. 67, 244 A.2d 655 (1968); *National Grange M. Ins. Co. v. Kuhn,* 428 Pa. 179, 236 A.2d 758 (1968). In *Kuhn,* we stated the principles applicable to all of these

cases [428 Pa. at 185, 236 A.2d at 761]: "The arbitration clause, in our view, indicates that the parties contemplated one method, and one method only, for the resolution of disputes under this coverage. That method was arbitration and all such disputes should be so decided." *Id.* at 374, 260 A.2d at 805.

There is no question, therefore, that the decisions discussed above require us to hold that the question of stacking should be decided by arbitration.

For the aforementioned reasons, we grant the motion of defendants Ronald and Herbert Shour to dismiss this action for failure to state a claim upon which relief can be granted.

---

**4.** *Accord, Allstate Insurance Company v. McMonagle,* 449 Pa. 362, 296 A.2d 738 (1972); *Grange Mut. C. v. Pennsylvania Mfrs.' Ass'n Ins. Co.,* 438 Pa. 95, 263 A.2d 732 (1970).