(GTE Vol. III, Interrogatories and Stipulations, ITT Ex. N).

**NATIONWIDE MUTUAL INSURANCE COMPANY**

v.

**Harold F. MEGILL, Jr., and Mary Megill, his wife.**

Civ. A. No. 76–3274.

United States District Court, E. D. Pennsylvania.

March 3, 1978.

Hugh G. Grady, Philadelphia, Pa., for plaintiff.

Edward J. Marcantonio, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

RAYMOND J. BRODERICK, District Judge.

This is a declaratory judgment action instituted by the plaintiff, Nationwide Mutual Insurance Company (hereinafter "Nationwide"), for a judicial determination concerning its uninsured motorist coverage under a motor vehicle liability policy issued to the defendant, Harold Megill, Jr.[1] Nationwide filed a motion for summary judgment, which, for the reasons hereinafter set forth, will be denied, and the complaint will be dismissed.

---

1. In the original claim the defendants filed with Nationwide, they asserted coverage under the medical payments provision as well as the uninsured motorist provision of Mr. Megill's motor vehicle liability policy. Subsequently, the

For the purposes of this motion the parties have agreed to certain facts, which we summarize as follows. On August 17, 1975, defendant Mary Megill, was a passenger on a motorcycle which became involved in a collision with an automobile operated by Vincent Ehlman on Route 611 in Bucks County, Pennsylvania. Mr. Ehlman had a motor vehicle liability policy which covered the automobile which he was operating. The motorcycle was owned and operated at the time of the collision by Mrs. Megill's husband, the defendant Harold Megill, Jr. For the the purpose of this motion it is agreed that Mr. Megill was solely responsible for the collision. Mr. Megill was the owner of a motor vehicle liability policy which insured his Cadillac and the motorcycle on which his wife was a passenger. The policy contained the following standard language as to uninsured motorist coverage:

Under this coverage, we will pay bodily injury damages that you or your legal representative are legally entitled to recover from the owner or driver of an uninsured motor vehicle. Damages must result from an accident arising out of the ownership, maintenance, or use of the uninsured vehicle. Bodily injury means bodily injury, sickness, disease, or death. Relatives living in your household also have this protection. Anyone else is protected while occupying:

1. your auto
   * * * * * *

4. any other motor vehicle while it is being operated by you or a relative living in your household. However, the vehicle must not be owned or furnished to you or a relative living in your household for regular use. . . .

An uninsured motor vehicle is:

a) one for which there is no bodily injury liability bond or insurance at the

defendants advised the Court that since they had never paid a premium for medical payments coverage, the only applicable provision is the uninsured motorist endorsement.

time of the accident in at least the amounts required by the financial responsibility law where your auto is principally garaged.

b) one for which the insuring company denies coverage or becomes insolvent . . .

Nationwide contends that since the motorcycle operated by Mr. Megill and the automobile operated by Mr. Ehlman were both covered by motor vehicle liability insurance, the above quoted uninsured motorist coverage is not applicable. It is also Nationwide's position that in order for Mrs. Megill to recover, Mr. Ehlman's vehicle would have to be uninsured and, in addition, he must have been responsible for the accident. On the other hand, it is contended by the defendants that since under the law of Pennsylvania a wife may not maintain a cause of action against her husband for personal injuries (48 P.S. § 111), the husband was an "uninsured motorist," and since coverage was denied her, the motorcycle was an "uninsured motor vehicle."

The defendants also contend that pursuant to the terms of the policy, this matter should be referred to arbitration. As to arbitration, the policy specifically provides in the "Coverage" portion:

In an uninsured motorist claim, we will jointly determine with the insured or his legal representative whether there is a legal right to recover damages, and if so, what amount. If agreement cannot be reached with regard to liability or amount of damages, the matter will be decided by arbitration.

Under the "Arbitration" clause of the policy, the following is stated:

If we and the insured do not agree about the insured's right to recover damages or the amount of damages, the following arbitration procedure will be used:

After written demand for arbitration by either party, each party will select a competent and disinterested arbitrator. The two so selected will select a third. If selection of the third arbitrator cannot be agreed upon within 30 days, the insured or the company may request that selection may be made by a judge of the court of record in the county and state in which arbitration is pending . . ..

It is settled law that whether to grant a declaratory judgment in a particular case is a matter committed to the Court's sound discretion. This Court has on at least two occasions considered the question of a declaratory judgment concerning the interpretation of an uninsured motorist coverage provision in a motor vehicle liability policy containing the above quoted arbitration clauses. *Government Employees Insurance Company v. Keystone Insurance Company*, 408 F.Supp. 1185 (E.D.Pa.1975); *State Farm Mutual Insurance Company v. Shour*, 407 F.Supp. 787 (E.D.Pa.1975). In these cases, we accepted the guidance of our learned colleague, Judge Luongo, in *Gulf Insurance Company v. American Arbitration Association*, 311 F.Supp. 989 (E.D. Pa.1970), which was approved by the Third Circuit in *Travelers Insurance Company v. Davis*, 490 F.2d 536 (3d Cir. 1974). In *Gulf*, the insurer sought to avoid arbitration under the uninsured motorist provision, claiming that the question as to liability coverage involved a dispute of law which the court should determine. The court rejected this argument and granted the defendant's motion to dismiss, relying on *National Grange Mutual Insurance Company v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968). As therein pointed out, Pennsylvania law "points to the conclusion that the matters in dispute here have been committed by the agreement of the parties (as expressed in the policy) to the arbitrator for decision." 311 F.Supp. at 991. In *Travelers* the Third Circuit affirmed the district court's dismissal of the insurance company's declaratory judgment action on the grounds that under Pennsylvania law all questions of coverage and recovery were within the jurisdiction of the arbitrator as provided in the arbitration

clause of the uninsured motorist provision. In *Preferred Risk Mutual Insurance Company v. Martin,*[2] 436 Pa. 374, 260 A.2d 804 (1970), cited in *Travelers,* Justice O'Brien, speaking for the Court, said:

> In a long series of cases, we have consistently held that all disputes arising under the uninsured motorist clause of the standard insurance policy must be settled by arbitration. *Allstate Ins. Co. v. Taylor,* 434 Pa. 21, 252 A.2d 618 (1969); *Merchants Mutual Ins. Co. v. American Arb. Ass'n (et al.),* 433 Pa. 250, 248 A.2d 842 (1969); *Harleysville Mutual Ins. Co. v. Medycki,* 431 Pa. 67, 244 A.2d 655 (1968); *National Grange M. Ins. Co. v. Kuhn,* 428 Pa. 179, 236 A.2d 758 (1968). In *Kuhn,* we stated the principles applicable to all of these cases [428 Pa. at 185, 236 A.2d at 761]: "The arbitration clause, in our view, indicates that the parties contemplated one method, and one method only, for the resolution of disputes under this coverage. That method was arbitration and all such disputes should be so decided." *Id.* at 374, 260 A.2d at 805.

There is no question, therefore, that the decisions discussed above require us to hold that the question whether Mrs. Megill is covered under the uninsured motorist provision should be determined pursuant to arbitration clauses set forth in the policy. As stated by the Superior Court in *Hartford Insurance Group v. Kassler,* 227 Pa.Super. 47, 324 A.2d 521, 522 (1974):

> These cases rest, not upon the non-availability of a declaratory judgment as an alternative remedy, but upon the exclusion, by agreement, of court proceedings as a vehicle for the resolution of disputes. To permit a declaratory judgment proceeding would render the parties' agreement to arbitrate disputes nugatory.

Accordingly, the Court shall this day enter an Order denying plaintiff's motion for summary judgment and granting defendant's prayer for dismissal of the complaint.

---

**2.** *Accord, Allstate Insurance Company v. McMonagle,* 449 Pa. 362, 296 A.2d 738 (1972); *Grange Mut. C. v. Pennsylvania Mfrs.' Assn. Ins. Co.,* 438 Pa. 95, 263 A.2d 732 (1970).